IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PHOENIX ENTERTAINMENT PARTNERS, LLC, | § § § § | |
| Plaintiff, | § § | |
| | § | Civil Action No. 3:15-CV-0639-D |
| VS. | § § | |
| 2822 McKINNEY, LLC, et al., | § § | |
| Defendants. | § § | |

MEMORANDUM OPINION
AND ORDER

In an order filed on January 3, 2017, the court granted the motion to dismiss of defendant Mia's Sports Bar & Grill, Inc. ("Mia's Sports Bar") but also granted plaintiff Phoenix Entertainment Partners, LLC ("Phoenix") leave to replead. The court held that Phoenix had failed in its first amended complaint to plausibly plead that Mia's Sports Bar had used or displayed the Sound Choice marks "in commerce," or that Phoenix had suffered any actionable trademark injuries. Phoenix then filed its second amended complaint,[1] in which it amended the allegations of its trademark infringement claim under 15 U.S.C. § 1114(1) and its unfair competition claim under 15 U.S.C. § 1125(a), and added a third claim for relief—a Texas-law claim for injury to business reputation or trademark under Tex. Bus. & Com. Code Ann. § 16.103. Mia's Sports Bar moves anew to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted.

The court grants Mia's Sports Bar's motion to dismiss Phoenix's federal claims.[2] Although

---

[1]The caption of this pleading is a "first amended complaint," but the court will refer to it as Phoenix's second amended complaint.

[2]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the

Phoenix has revised its first and second claims for relief, the second amended complaint still fails to plausibly plead that Mia's Sports Bar has used or displayed the Sound Choice marks "in commerce," or that Phoenix has suffered any actionable trademark injuries. While Phoenix adverts to these concepts in the second amended complaint, the allegations are conclusory and therefore insufficient. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

As noted, Phoenix has added a third claim for relief—a Texas-law claim for injury to business reputation or trademark. Mia's Sports Bar moves to dismiss this claim as well. The court declines in its discretion to consider this claim, and it dismisses it without prejudice. Phoenix invokes this court's federal-question jurisdiction under 28 U.S.C. § 1331, and its jurisdiction under 28 U.S.C. § 1338(a). *See* 2d Am. Compl. ¶¶ 2 and 3. Phoenix relies on the court's supplemental jurisdiction to assert the Texas state-law claim. *See id.* ¶ 4.[3] Although this court can exercise supplemental jurisdiction over this state-law claim under 28 U.S.C. § 1367(a), "when all federal claims are dismissed or otherwise eliminated from a case prior to trial, [the Fifth Circuit has] stated that [its] 'general rule' is to decline to exercise jurisdiction over the pendent state law claims." *McClelland v. Gronwaldt*, 155 F.3d 507, 519 (5th Cir. 1998) (citing *Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir. 1989)), *overruled on other grounds by Arana v. Ochsner Health Plan*, 338 F.3d 433, 440 (5th Cir. 2003) (en banc). Having dismissed Phoenix's federal-law claims, the court in its

---

court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

[3]Phoenix does not allege that the parties are diverse citizens, and it does not invoke this court's diversity jurisdiction.

discretion declines to exercise supplemental jurisdiction over the single state-law claim that remains.

* * *

Accordingly, the court grants in part the motion to dismiss of defendant Mia's Sports Bar and dismisses Phoenix's federal-law claims with prejudice. The court declines in its discretion to exercise supplemental jurisdiction over Phoenix's state-law claim, and it dismisses the state-law claim without prejudice. The court is entering a Rule 54(b) final judgment today.

**SO ORDERED**.

July 31, 2017.

                                              SIDNEY A. FITZWATER
                                              UNITED STATES DISTRICT JUDGE